847 F.2d 842
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ralph M. MALONE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3072.
 United States Court of Appeals, Federal Circuit.
 April 15, 1988.
 
 Before EDWARD S. SMITH, Circuit Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (board), docket No. SFO7318710640, affirming the determination by the Office of Personnel Management (OPM) that Ralph M. Malone (Malone) was unsuited for federal employment as a Taxpayer Service Representative with the Internal Revenue Service (IRS) and was debarred from seeking positions involving public contact until August 23, 1989, is affirmed.
 
 OPINION
 
 2
 Malone was removed by the IRS in 1984 for being rude and discourteous in responding to telephone inquiries from taxpayers. In 1986, he applied for a similar position at a lower grade. OPM determined that Malone was unsuitable for the position because of his actions which led to the prior removal action. Malone was also debarred from seeking positions involving public contact until August 23, 1989.
 
 
 3
 Malone argues that, because OPM did not appear at the hearing to offer any evidence, it failed to carry its burden of proof. OPM was not required to appear at the board's hearing unless the administrative judge (AJ) ordered it to do so. Malone knew in advance that OPM did not have to attend and that the hearing would be conducted whether or not OPM was there. The documents submitted to the board by OPM with its response to Malone's appeal were properly accepted and considered by the board in its decision, pursuant to 5 C.F.R. 1201.54 (1987). Malone contests the use of what he calls a Notice of Proposed Adverse Action as evidence. As OPM points out, no such notice was in the file, and the AJ did not refer to any such notice in his opinion. The documents submitted by OPM provided substantial evidence for the board's finding that Malone committed the acts which caused his removal and the subsequent nonsuitability determination.
 
 
 4
 Malone also contends that the board required him to prove that he did not commit the alleged offenses. However, the board did not require that Malone prove that he did not commit the acts; it simply rejected his general denial as not persuasive in light of the particularity of OPM's evidence.
 
 
 5
 Malone challenges OPM's use of an unsigned request for suitability determination. It is undisputed that the form was not signed by the requesting party. However, the cover letter was signed. In addition, even assuming it was error for OPM to rely on an unsigned request, Malone has not shown that the error was procedurally harmful. He had the opportunity to challenge the suitability determination, and he knew the reasons for the finding of unsuitability.
 
 
 6
 Finally, Malone contends that the board's nonsuitability determination is barred by the doctrine of res judicata. Malone argues that the acts which caused his removal cannot be used in making a suitability determination. However, there is no reason why the board could not consider the actions which caused Malone's removal from his prior position in deciding whether he should be considered for a similar position.
 
 
 7
 Therefore, we must affirm the board's decision because it was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, nor obtained without procedures required by law, rule, or regulation having been followed. 5 U.S.C. Sec. 7703(c); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).